344

for the purpose of defrauding his creditors. To defeat a discharge on the ground that a bankrupt omitted obligations from a financial statement made by him, it is necessary to show either expressly or impliedly that he knew the obligations existed and could be enforced against him. In re Maaget (D. C.N.Y.) 245 F. 804. See, also, In re Kerner [2 Cir.] 250 F. 993." See also, Hartsfield Co. v. Smith, 5 Cir., 61 F.2d 723; In re Lessler, 2 Cir., 74 F.2d 249; In re Venturella, D.C., 25 F.Supp. 332; Gilbert's Collier on Bankruptcy, Fourth Ed., sec. 489.

It may be apparent that bankrupt was mistaken at the time of signing the written statement with reference to his liability upon the two claims in question, but, as indicated by the foregoing authorities, the ultimate test is whether the statement was. intentionally untrue and made with a purpose to mislead or deceive. Upon this issue the court finds itself in accord with the conclusions of the referee. An order will accordingly be entered overruling the objections to the referee's report and granting discharge of bankrupt.

Leah H. Neuer, of Brooklyn, N. Y., for owners of damage parcel No. 6.

Harry T. Dolan, Sp. Asst. to U. S. Atty. Gen., (Edward H. Murphy, of New York City, Sp. Atty., Department of Justice, of counsel), for petitioner-plaintiff.

ABRUZZO, District Judge.

The owner of damage parcel #6, N-501, is entitled to ninety (90%) per cent of the award for this particular parcel, now on deposit with the Clerk of the United States Court, this district. Ten (10%) per cent is to be retained by the Clerk until September 24, 1941, when the interlocutory judgment of condemnation is to be entered, at which time it will be in order for the owner to apply for the remaining ten (10%) per cent.

The Court believes it necessary to hold back this sum to cover any and all eventualities that might occur between now and the entering of the judgment of condemnation.

Settle order.

## UNITED STATES v. 44,549 SQ. FT. OF LAND IN BOROUGH OF BROOKLYN, CITY AND STATE OF NEW YORK et al.

### No. 501.

District Court, E. D. New York.

July 3, 1941.

## UNITED STATES v. ONE 1940 PLYMOUTH COUPE (BLAND MOTOR CO., Complainant).

District Court, D. Maine, S. D.

Aug. 18, 1941.